# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA MARIA JACKSON, | CASE NO. 1:08-cv-00761-WMW PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN 30 DAYS |
| v. | |
| ROBERT COMSTOCK, et al., | (Doc. 1) |
| Defendants. | |

Plaintiff Ana Maria Jackson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff was formerly in the custody of the California Department of Corrections and Rehabilitation at the Valley State Prison for Women in Chowchilla, California ("VSPW"). Plaintiff has since been released from prison. Plaintiff is suing under section 1983 for violations of her due process rights under the Fourteenth Amendment. Plaintiff names Robert Comstock (employed as "a parole agent") and Andrea Schultz (employed as a "P.O.C. caseworker") as defendants. Plaintiff is seeking injunctive relief. For the reasons set forth below, Plaintiff's complaint is dismissed, with leave to file an amended complaint.

**I.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.  Background

On January 30, 2008, Plaintiff was arrested by Defendant Comstock. Plaintiff alleges she was arrested "on some trumped up charges without validation". (Compl. 3.) Plaintiff was a parolee at the time she was arrested and a parole violation hearing was held on March 7, 2008. Plaintiff alleges that she was denied due process at her parole violation hearing because she was unable to submit relevant documents as evidence, she was not allowed to have witnesses testify on her behalf, and she was not allowed to ask any questions.

Plaintiff was incarcerated at VSPW at the time she filed her complaint. The court has since then been notified of a change of address indicating that Plaintiff has since been released from prison. (Doc. #9.) However, it is not clear if Plaintiff has been released on parole, or if the term of her incarceration has expired.

## III.  Discussion

Plaintiff is suing for the alleged deprivation of her due process rights during her parole violation hearing. Plaintiff's claim is solely for injunctive relief ("I would like to be [continued on parole] and discharged my 13th month which would be August of 2008."). (Compl. 3.) Plaintiff

appears to have been discharged as of September 29, 2008. Therefore, even though Plaintiff may be able to state a cognizable claim for deprivation of her due process rights, this action is now moot as she has already received all the relief she has requested.

**IV.     Conclusion and Order**

The court has screened Plaintiff's first amended complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not add unrelated claims involving different defendants in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level". Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.      The Clerk's Office shall send Plaintiff a complaint form;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

3

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   February 25, 2009                    /s/  William M. Wunderlich
                                              UNITED STATES MAGISTRATE JUDGE